IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Case No. PWG-17-242 |
| | * | |
| JOVON LOVELLE MEDLEY, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ******* | | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
FOR JUDGMENT OF ACQUITTAL AND NEW TRIAL (ECF NO. 126)**

The United States of America, by and through its attorneys, Robert K. Hur, United States Attorney for the District of Maryland, Lindsay Eyler Kaplan, Assistant United States Attorney, and Christian J. Nauvel, Special Assistant United States Attorney for said District, respectfully submits this response to the Defendant's Motion for Judgment of Acquittal and New Trial (ECF No. 126). In his motion, the Defendant argues that this Court must set aside the jury's unanimous verdict finding the Defendant guilty of Count Three of the Indictment, which charged him with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and enter a judgment of acquittal, or in the alternative, grant him a new trial. The Defendant cannot meet his burden to show either a judgment of acquittal or new trial are warranted, and his Motion should be denied.

**I.    ARGUMENT**

   **A.    Standard of Review**

A motion for a judgment of acquittal under Rule 29 based on sufficiency of the evidence is granted only in "the rare case where the prosecution's failure is clear." *United States v. Ashley*, 606 F.3d 135, 138 (4th Cir. 2010) (citations and internal quotation marks omitted). The question is whether, viewing the evidence in the light most favorable to the prosecution, there was substantial evidence to support the jury's verdict. *United States v. Osborne*, 514 F.3d 377, 385

(4th Cir. 2008). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id*. To sustain the verdict, this Court only need conclude that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Madrigal-Valadez*, 561 F.3d 370, 374 (4th Cir. 2009) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In doing so, the Court must consider both circumstantial and direct evidence. *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). The Court does not weigh the credibility of witnesses, but instead must assume that the jury has resolved all contradictions in the Government's favor, *United States v. United Med. & Surgical Supply Corp.*, 989 F.2d 1390, 1402 (4th Cir. 1993), and give the government "the benefit of all reasonable inferences from the facts proven to those sought to be established," *Tresvant*, 677 F.2d at 1021.

In the absence of newly discovered evidence, a new trial is granted only when "the interest of justice so requires." Fed. R. Crim. P. 33(a). The Fourth Circuit has determined that a district court should "sparingly" use its discretion to grant a new trial in the interest of justice. *See United States v. Perry*, 335 F.3d 316, 320 (2003) (citing *United States v. Wilson*, 118 F.3d 228, 234 (4th Cir. 1997)). A new trial should be granted only where "the evidence weighs so heavily against the verdict that it would be unjust to enter judgment." *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985); *see also United States v. Campbell*, 977 F.2d 854, 860 (4th Cir. 1992) (citing *Arrington,* 757 F.2d at 1485).

Defendant has not satisfied his heavy burden to show that overturning the jury's verdict and either entering a judgment of acquittal or ordering a new trial is warranted. His Motion should be denied.

### B. Sufficient Proof Supported the Jury's Verdict that the Defendant Possessed the Rock Island Firearm in Maryland on December 30, 2016

During the course of the trial, the Government offered evidence from multiple witnesses that, coupled with the reasonable inferences a jury is entitled to draw, substantially supported the jury's verdict of guilt as to Count Three. The Government offered a Firearm Stipulation (Gov't Trial Exh. 1A), in which the Defendant admitted that he possessed the Rock Island Armory, Model 1911A1, .45 caliber semi-automatic firearm, bearing serial number RIA1578527 (the "Rock Island Firearm") referenced in Count Three, on December 31, 2016, at approximately 9 p.m., within the District of Columbia. Metropolitan Police Department Gun Recovery Unit Officer Ashley testified to observing the Defendant clutch at his waist while walking away from officers, and that based on his training and experience, this behavior was consisted with a person carrying a gun without a holster. Officer Ashley further described the Defendant disappearing into the residence (not his own) where the Rock Island Firearm was recovered; another officer, Sgt. Sloan, testified regarding the location and recovery of the firearm from the residence.

Additionally, two Prince George's County Police detectives testified that, when they interviewed the Defendant on January 31, 2017, the Defendant admitted that he purchased the Rock Island Firearm near the intersection of Columbia Park Road and Columbia Terrace in Landover, Maryland, four days prior to his December 31st arrest, which would have been December 27, 2016. These same detectives testified that the Defendant admitted that he possessed the Rock Island Firearm continuously during the four days between when he purchased the firearm on December 27th, and when he was arrested on December 31st, and that no one else possessed the Rock Island Firearm during this time period. At the Rule 29 stage, because the Court does not weigh the credibility of witnesses, but instead must assume that the jury has resolved all contradictions in the Government's favor, *United Med. & Surgical Supply Corp.*, 989

F.2d at 1402, the Court should assume that the jury found the Defendant's statements to the PGPD detectives to be voluntary.  Additionally, the Government presented testimony from FBI Special Agent Richard Fennern that corroborated the PGPD detectives' testimony, showing that the Defendant's cell phone connected with a cell tower located at Columbia Park Road and Columbia Terrace, in Landover, Maryland (Gov't Trial Exh. 16D), in the area where the Defendant told detectives he purchased the Rock Island Firearm, at 10:42.36 pm on December 27th and at 3:03:57 am on December 28th.

Moreover, the Government offered evidence placing the Defendant in Maryland on December 30, 2016.  Sharon Jackson confirmed the Defendant's cell phone number, testified that she provided the Defendant with this cell phone, and that it was always the Defendant who answered when she called.  Phone records (Gov't Trial Exh. 14C) established that Ms. Jackson had contacted the Defendant on this phone number over nine hundred times during the month of December 2016 alone.  Cell site data for the Defendant's phone revealed that the Defendant's phone connected with cell towers in the same region of Landover, Maryland, where the Defendant had purchased the Rock Island Firearm at 7:41 a.m., 11:22 p.m., and 11:37 p.m. on December 30, 2016.  *See* Excerpt from Phone Records, attached hereto as Exhibit A.  Special Agent Fennern also testified that this phone connected with a cell tower at 10:50 am on December 30th, and that if the phone had been located at 3801 Suitland Avenue, in Maryland, that would have been consistent given what cell tower and sector was used.

Contrary to suggestion in Defendant's Motion, the Government did not need to show that the Defendant physically possessed the gun on his person at all times to establish possession at the requisite time and place.  As the jury was instructed, "as long as the firearm is within the defendant's control, he possesses it."  Instruction No. 50 (ECF No. 113 at 56).  The jury was

further instructed: "If you find that the defendant either had actual possession of the firearm, or that he had the power and intention to exercise control over the firearm, even though it was not in his physical possession, you may find that the government have proven possession." *Id.* *See also United States v. Scott*, 424 F.3d 431, 435 (4th Cir. 2005) (possession component of § 922(g)(1) charge may be established with proof of either actual or constructive possession).

Taken together, this evidence was more than sufficient for the jury to conclude that the Defendant was in continuous possession of the Rock Island Firearm between December 27, 2016, and December 31, 2016, including on December 30, 2016, when he was in Maryland, and thus to find him guilty of Count Three.

Significantly, as the Government argued during closing,[1] the evidence set forth above sufficiently supports a finding of guilt as to Count Three completely independently from any evidence offered that the Defendant possessed the Rock Island Firearm while committing the December 30, 2016 armed carjacking. The jury thus could have found the Defendant guilty of Count Three either because they believed he did the carjacking, or because of all of the evidence set forth above. The Defendant's acquittal on Counts One and Two is thus not inconsistent with his conviction on Count Three.

Contrary to Defendant's assertions in his Motion, evidence that the Defendant possessed the Rock Island Firearm in Maryland on December 27, 2016, was not admitted in violation of Federal Rule of Evidence 404(a).[2] In other words, it was not offered to show propensity – that

---

[1] Contrary to the Defendant's assertion, the Government did not tell the jury it should find the Defendant "guilty of gun possession on December 27" or tell the jury "it was at liberty to change the date [of the charge] to December 27." *See* Def. Mot. at 2 (ECF No. 126). The transcript of the Government's closing argument is attached hereto as Exhibit B.

[2] Just like with the Defendant's Washington, D.C. conviction for possessing the Rock Island Firearm on December 31, 2016, the Government could also have offered evidence of the

because the Defendant possessed a firearm on one occasion, he was more likely to have possessed a firearm on another occasion. Rather, the evidence was offered to show the complete picture of the Defendant's continuous possession of the specific firearm charged in Count Three, over a time period that began December 27th and ended December 31st, spanning and including the date (December 30th) on which the Defendant was charged with possessing the firearm. *See, e.g.*, *Untied States v. Jones*, 533 F.2d 1387, 1391-92 (6th Cir. 1976) (recognizing possession is a course of conduct). The Defendant's possession of the Rock Island Firearm on December 27th in Maryland was thus evidence relevant to the question of whether he possessed the Firearm on December 30th, while he was also in Maryland. Conceptually, this is just like the evidence the Defendant possessed the Rock Island Firearm on December 31st, as the Government and the Court

---

Defendant's December 27th possession of the Firearm in Maryland under Federal Rule of Evidence 404(b) to show, *inter alia*, knowledge and intent, and lack of mistake or accident. *See* Instruction No. 30 (ECF No. 113 at 35); *United States v. Queen*, 132 F.3d 991, 995-997 (4th Cir. 1997). The Fourth Circuit has articulated a four-prong test of admissibility for prior-act evidence: (1) the prior-act evidence must be relevant to an issue other than character, such as intent; (2) it must be necessary to prove an element of the crime charged; (3) it must be reliable; and (4) as required by Rule 403, its probative value must not be "substantially outweighed" by its prejudicial nature. The Defendant's December 27 activities meet the requirements of this test. At the time this evidence was being offered, the Defendant was still on trial for the December 30 carjacking. The purchase of a weapon on December 27 is evidence of the Defendant's intent to commit the carjacking and of the preparation that went into the crime. The intent to cause death or serious bodily harm is an element of the carjacking charge. For the reasons discussed above, the evidence was reliable—in spite of the defense's attacks on PGPD's interview of the Defendant. Finally, the evidence passes a Rule 403 balancing test. In general, evidence otherwise admissible under Rule 404(b) is not barred by Rule 403 "where such evidence did not involve conduct any more sensational or disturbing than the crimes with which the defendant was charged." *United States v. Byers*, 649 F.3d 197, 210 (4th Cir. 2011). *See also United States v. Siegel*, 536 F.3d 306, 320 (4th Cir. 2008) ("Because the evidence sought to be excluded under Rule 403 is concededly probative, the balance should be struck in favor of admissibility, and evidence should be excluded only sparingly" (quoting *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996)). Here, the probative value was high because the evidence is directly relevant to intent. Although prejudicial, it is not unduly so—because it is substantially similar in character to another charged crime. Hence, the December 27 evidence was admissible.

discussed during the charge conference when tailoring the Similar Act instruction vis a vis the Defendant's Washington, D.C. conviction.

Applying the stringent standards for a motion for acquittal, the Defendant's Motion must fail. The Government presented more than sufficient evidence for the jury to reasonably conclude the Defendant was guilty of Count Three, and appropriately relied on evidence that the Defendant purchased the Rock Island Firearm in Maryland on December 27, 2016 in support of that conviction.

### C. Evidence of the Defendant's Possession of the Rock Island Firearm on December 27, 2016, Did Not Subject Him to Conviction Based On Conduct that was Uncharged or Varied Fatally from the Indictment

Count Three of the Indictment charged the Defendant with possessing the Rock Island Firearm in the District of Maryland "[o]n or about December 30, 2016." Indictment, ECF No. 11 at 4. Even if the jury focused on evidence that the Defendant possessed the Rock Island Firearm in Maryland on December 27th rather than 30th in finding the Defendant guilty of Count Three, no judgment of acquittal or new trial is warranted.

As the jury was instructed: "It does not matter if the Indictment charges that a specific act occurred on or about a certain date and the evidence indicates that, in fact, it was on another date. The law only requires substantial similarity between the date alleged in the [] Indictment and the date established by testimony or exhibits." Jury Instruction No. 12, ECF No. 113 at 14.

At most, the Defendant would have been convicted based on a "mere variance," which occurs when "the facts proven at trial support a finding that the defendant committed the indicted crime, but the circumstances alleged in the indictment to have formed the context of the defendant's actions differ in some way nonessential to the conclusion that the crime must have been committed." *United States v. Miltier*, 882 F.3d 81, 93 (4th Cir. 2018), citing to *United States*

*v. Floresca*, 38 F.3d 706, 709 (4th Cir. 1994). If anything, a jury considering conduct on December 27 (instead of December 30) would amount to a mere variance. The Fourth Circuit has also found that "[a]s long as the proof at trial does not add anything new or constitute a broadening of the charges, then minor discrepancies between the Government's charges and the facts proved at trial generally are permissible." *United States v. Miltier*, 882 F.3d 81, 93 (4th Cir. 2018), citing to *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996). If it were indeed true that the jury had reached a verdict based on conduct that did not take place on December 30, this would be the case here, i.e., there would be no broadening of the charges.

Also in *Miltier*, the Fourth Circuit went on to say that "[s]uch a variance 'does not violate a defendant's constitutional rights unless it prejudices the defendant either by surprising him at trial and hindering the preparation of his defense, or by exposing him to the danger of a second prosecution for the same offense.'" *United States v. Miltier*, 882 F.3d 81, 93 (4th Cir. 2018), citing to *United States v. Whitfield*, 695 F.3d 288, 308 (4th Cir. 2012). In spite of the Defendant's claims to the contrary, there was no such danger here. The Indictment described the alleged possession and regardless of any small variance in date, was easily sufficient to put the Defendant on notice of the charge, and to protect him from possibly being prosecuted a second time for the same offense. The Defendant cannot now feign surprise, when the date of the Defendant's purchase (and therefore possession) of the firearm in Maryland had been discussed and debated throughout the trial, and indeed, during pretrial hearings related to the Government's proposed testimony of Special Agent Fennern (and was depicted on Gov't Exh. 16D, one of Agent Fennern's slides). And given the availability of hearing and trial transcripts, there is no exposure to the risk of a second prosecution for the same offense.

## II.     CONCLUSION

There is no basis to second-guess the jury's verdict in this case.   The Defendant has failed prove that they extreme result of a judgment of acquittal is warranted, and does not articulate any viable basis for granting a new trial.   For all the foregoing reasons, the Government respectfully submits that this Court should deny the Defendant's Motion.

                                          Respectfully submitted,

                                          Robert K. Hur
                                          United States Attorney

By:         /s/
                                          Christian J. Nauvel
                                          Special Assistant United States Attorney

                                          Lindsay Eyler Kaplan
                                          Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

      This is to certify that on this 30th day of July, 2018, I caused a copy of the foregoing document to be filed on all parties through ECF.

                                                                      /s/
                                                 Christian J. Nauvel
                                               Special Assistant United States Attorney

                                               Lindsay Eyler Kaplan
                                               Assistant United States Attorney