**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

JOVAN MEDLEY, *
*
* Criminal Action No. 17-cr-242-PX
v. * Civil Action No. 23-cv-935-PX
*
UNITED STATES OF AMERICA. *
*
*
***

**MEMORANDUM OPINION**

Pending is Petitioner Jovan Medley's motion brought pursuant to 28 U.S.C. § 2255 to vacate his federal firearm conviction. ECF No. 194. The issues are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the motion is DENIED, but a certificate of appealability shall issue.

## I. Background

This matter has been the subject of two published Fourth Circuit opinions from which this Court adopts the relevant facts. *See United States v. Medley,* 972 F.3d 399 (4th Cir. 2020) [hereinafter *Medley I*], *aff'd on reh'g en banc & superseded by United States v. Medley,* 34 F.4th 326 (4th Cir. 2022) [hereinafter *Medley II*]. Medley was a suspect in a shooting that took place in Prince George's County, Maryland, on December 30, 2016. *Medley II*, 34 F.4th at 330–31. The next day, officers from the Metropolitan Police Department detained Medley in the District of Columbia ("D.C.") and discovered a .45 caliber semiautomatic handgun manufactured by the Rock Island Armory ("Rock Island Firearm") and a Glock, model 17. *Id.* at 330. The officers placed Medley under arrest for carrying a firearm without a license. *Id.*

Based on this, prosecutors charged Medley in D.C. Superior Court with a violation of D.C. Code §§ 22-4503(a)(1) & (b)(1) for unlawful possession of a firearm by a convicted felon. *Id.* He

was also charged federally in Maryland on May 8, 2017, for violations of 18 U.S.C. § 2119(2) for carjacking resulting in serious bodily injury; 18 U.S.C. § 924(c)(1)(A)(iii) for using, brandishing, carrying, and discharging a firearm during and in relation to a crime of violence; and 18 U.S.C. § 922(g)(1) for possessing a firearm and ammunition as a felon, based on the same Rock Island Firearm for which he was prosecuted in D.C. *Id.*; ECF No. 11.

While his federal case was pending, Medley pleaded guilty in D.C. Superior Court to the unlawful possession offense. *Medley II*, 34 F.4th at 331 n.1. Medley then proceeded to trial in the federal matter. *Id.* at 331. At no point did Medley's trial counsel object to the subsequent federal prosecution under § 922(g) as violating the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution. ECF No. 194-1 at 9. Counsel now attests that the failure to object amounts to pure "oversight" rather than any strategic decision. ECF No. 194-3 ¶ 6. The jury convicted Medley of the § 922(g) charge but acquitted him of carjacking. ECF No. 194-1 at 9.

On direct appeal, Medley successfully argued that the failure to instruct the jury on the knowledge element in the § 922(g) offense constituted plain error under *Rehaif v. United States*, 588 U.S. 225 (2019), warranting vacatur of his conviction and remand for new trial. *See Medley I,* 972 F.3d at 405–06. Judge Quattlebaum disagreed that *Rehaif* compelled reversal. *Id.* at 420 (Quattlebaum, J., dissenting). Accordingly, his dissent reached secondary questions concerning the constitutionality of Medley's incriminating statements obtained during a law enforcement interview. *Id.* at 432.

To decide whether Medley had a right to counsel at the interview with federal agents, Judge Quattlebaum had to first determine whether Medley's right to counsel attached when Medley was arrested for the D.C. firearm offense. *Id.* at 433. This analysis, in turn, depended on whether the

D.C. and federal firearm-possession convictions constituted the same offense under the Double Jeopardy Clause. *Id*. The latter question is squarely presented in this motion.

Double jeopardy bars subsequent prosecution where the charges constitute the "same offense" pursuant to the test articulated in *Blockburger v. United States*, 284 U.S. 299 (1932), and where both are prosecuted by the same sovereign. *Medley I*, 972 F.3d at 433. As relevant in *Medley I*, Judge Quattlebaum first concluded that the D.C. and federal governments are the "same sovereign" for double jeopardy purposes, and next determined that under *Blockburger* the charges are not the "same offense." *Id.* at 434, 436. This is so, reasoned Judge Quattlebaum, because the D.C. and federal felon-in-possession offenses "require[] proof of a fact which the other does not." *Id.* at 434 (quoting *Blockburger*, 284 U.S. at 304). Specifically, because each offense includes jurisdictional provisions that demand different proof—the D.C. charge required proof that the firearm was possessed in D.C., while the § 922(g) offense required proof that the firearm had moved in interstate commerce—the offenses were separate for purposes of double jeopardy. *Id.* at 435–36.

*In Medley* II, upon rehearing en banc, the Circuit Court reversed the *Rehaif* determination under *Greer v. United States*, 593 U.S. 503 (2021), and remanded to the *Medley I* panel for resolution of those issues not reached by the majority. *Medley II*, 34 F.4th at 329–30. On remand Judge Quattlebaum, writing for the majority, did not revisit the double jeopardy question, concluding instead that Medley waived his right to counsel during the interview. *Id.* at 333. Thus, *Medley II* left undecided that which Medley now contends compels vacatur of the conviction. *See id.* at 338.

Accordingly, Medley filed this § 2255 motion, contending that trial counsel's failure to mount a double jeopardy defense to the § 922(g) charge amounts to constitutionally ineffective

assistance of counsel in violation of the Sixth Amendment. ECF No. 194-1 at 8. With this procedural backdrop in mind, the Court turns to this singular, and important, question.

## II. Standard of Review

To be eligible for relief under § 2255, a petitioner must show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law . . . ." 28 U.S.C. § 2255(a). The petitioner bears the burden of proving his entitlement to relief by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). "Vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation . . . ." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

A petitioner establishes ineffective assistance of counsel where he demonstrates that counsel's performance fell below an objective reasonableness standard and that the petitioner suffered actual prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A strong presumption exists that counsel's performance fell "within a wide range of reasonable professional assistance"; accordingly, courts remain "highly deferential" in scrutinizing counsel's performance. *Id.* at 689. Moreover, when no prejudice results from counsel's claimed errors, the Court need not reach whether the attorney's performance was deficient. *Id.* at 697. A petitioner establishes prejudice by demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

## III. Analysis

Medley contends that because the D.C. and federal firearm possession charges constitute the same offense under the *Blockburger* test, his trial lawyer's failure to seek dismissal of the

federal charge as violating double jeopardy amounted to ineffective assistance. ECF No. 194-1 at 14. The Government responds singularly that counsel's failure to object is neither constitutionally inadequate nor prejudicial because the seriatim convictions do not violate double jeopardy. ECF No. 200 at 5. The Court agrees with the Government.[1]

The Fifth Amendment Double Jeopardy Clause prohibits dual prosecution for the same offense. *See* U.S. Const. amend. V (declaring that no "person [shall] be subject for the same offence to be put twice in jeopardy of life or limb"); *see also United States v. Palacios*, 982 F.3d 920, 924 (4th Cir. 2020). Two offenses are *not* the same for double jeopardy purposes where each statutory violation "requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304. It is undisputed that D.C. and the federal government are the same sovereign for purposes of double jeopardy. *United States v. Weathers*, 186 F.3d 948, 951 n.3 (D.C. Cir. 1999); *see Commonwealth of Puerto Rico v. Sanchez Valle*, 579 U.S. 59, 77 (2016) ("[O]ur dual-sovereignty test makes this historical fact dispositive: If an entity's authority to enact and enforce criminal law ultimately comes from Congress, then it cannot follow a federal prosecution with its own."). Thus, the success of Medley's Petition turns on whether the two offenses include elements that require proof of a fact that the other does not.

The parties do not dispute that the elements for both § 922(g) and D.C. Code § 22-4503 are identical save for their jurisdictional elements. *See* ECF Nos. 194-1 at 14–15 & 200 at 6. They further agree that the D.C. Code requires the government to prove that the firearm possession occurred within D.C.'s territorial bounds, whereas § 922(g) requires proof that the firearm had previously traveled in interstate commerce. Nor do they really dispute that different proof is

---

[1] Because the Government does not contest that Medley's motion was timely and procedurally proper and that § 922(g)(1) is a continuing offense, *see* ECF No. 200, the Court considers these points conceded.

required to establish each respective jurisdictional element. Rather, the parties vigorously disagree about the legal significance of different jurisdictional elements under *Blockburger*.

Although the Court considers this question to be a close one, it agrees with Judge Quattlebaum's analysis in *Medley I*, that differences in jurisdictional elements—considering binding Fourth Circuit law—render the dual prosecution constitutionally permissible under *Blockburger*. *Medley I*, 972 at 435; *see United States v. Whitley*, 105 F.4th 672, 678 (4th Cir. 2024) (establishing that "jurisdictional elements may be considered in a *Blockburger* analysis"); *see also United States v. Hairston*, 64 F.3d 491, 496 (9th Cir. 1995). *But see United States v. Agofsky*, 458 F.3d 369, 372 (5th Cir. 2006). As Judge Quattlebaum explained, *United States v. Jones*, 797 F.2d 184 (4th Cir. 1986), and *McGann v. United States*, 261 F.2d 956 (4th Cir. 1958), compel this outcome.

In *Jones,* the Fourth Circuit held that prosecuting a single receipt of stolen property under two separate statutes, 18 U.S.C. §§ 662 & 2315, did not twice punish the defendant for the same offense. 797 F.2d at 186–87. This was so, concluded the *Jones* Court, because § 662 required proof that the unlawful receipt took place "within the special maritime and territorial jurisdiction of United States," and the § 2315 offense instead required proof that the stolen property had moved in interstate commerce. *Id.* at 185. The *Jones* Court, affirming both convictions, reasoned that "proof of these additional facts" necessary for territorial jurisdiction and movement in interstate commerce rendered them different offenses under *Blockburger*, and so, the convictions did not offend double jeopardy. *Id.* at 186–87.

Likewise, in *McGann*, the Fourth Circuit held that convictions arising from the same incident for robbery "on lands within the territorial jurisdiction of the United States" under 18 U.S.C. § 2111 and robbery "of a national bank" under 18 U.S.C. § 2113 did not satisfy

*Blockburger*. 261 F.2d at 957–59. The *McGann* Court concluded that the *Blockburger* test failed because the first offense required proof that the crime took place in the territorial jurisdiction of the United States, while the other, instead, required proof that the Federal Deposit Insurance Corporation insured the bank's deposits. *Id.* at 958–59.

This Court, following *Jones* and *McGann*, sees little room to find the two offenses identical under *Blockburger.* What is more, since *Medley I*, Judge Quattlebaum has reaffirmed the vitality of this analysis in *United States v. Whitley*, 105 F.4th 672 (4th Cir. 2024). There, Judge Quattlebaum, writing for the majority, rejected a double jeopardy challenge to prosecutions for a single robbery offense as both Hobbs Act robbery—"obstructing, delaying, or affecting commerce or the movement of any article or commodity in commerce," 18 U.S.C. § 1951(a)—and carjacking—robbing a vehicle that had been "transported, shipped, or received in interstate or foreign commerce," *id.* § 2119. *Whitley*, 105 F.4th at 678. The *Whitley* Court explained that "[i]n our circuit, jurisdictional elements may be considered in a *Blockburger* analysis. And consideration of these two jurisdictional elements leads to our conclusion that they are not the same," because each jurisdictional element "require[s] proof of different facts." *Id.* at 678–69 (citations and footnote omitted). The carjacking offense, for one, required proof of what happened to the vehicle before the theft; had it been transported, shipped, or received in interstate commerce? *Id.* at 679. Whereas the Hobbs Act robbery required proof that the vehicle theft itself affected interstate commerce. *Id.*

From this collective authority, the Court concludes that Medley's federal prosecution did not violate double jeopardy. The respective "jurisdictional" elements required the government to advance different evidence to meet its burdens. For the § 922(g) offense, the Government had to prove beyond a reasonable doubt that the firearm "affect[ed]" interstate commerce or crossed over

state lines. 18 U.S.C. § 922(g) (making it unlawful for certain individuals "to ship or transport in interstate or foreign commerce, or possess in or affecting interstate commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce"). And the D.C. prosecution commanded proof that Medley possessed the firearm on D.C. soil. D.C. Code §§ 22-4503(a)(1) (prohibiting the same conduct "within the District of Columbia"). Thus, even if counsel should have raised the argument, his failure did not prejudice Medley, and because the argument itself would not have succeeded, counsel cannot be considered "ineffective" for failing to raise it. *Strickland*, 466 U.S. at 692.

Medley, in reply, rightly points out that in D.C., courts have construed the jurisdictional element as one concerning its own "subject matter jurisdiction" to hear the case, *see Dobyns v. United States,* 30 A.3d 155, 157 (D.C. 2011), *not* "legislative authority to enact a criminal statute" at the heart of § 922(g)'s jurisdictional element. ECF No. 203 at 5. This may be. But Medley fails to convince this Court that the distinction makes a difference. The *Blockburger* analysis in *Jones* and *McGann* did not turn on the purpose behind the differing proof of different elements. A straightforward application of this precedent supports that the dual prosecution does not amount to a double jeopardy violation.[2]

Medley next counters that the difference matters because the commerce element in the § 922(g) offense goes to the jury, whereas the territorial element for the D.C. charge is decided by the judge. ECF No. 194-1 at 19. But again, the analysis is wanting. Both elements must still be proven with evidence beyond a reasonable doubt. Indeed, in federal criminal prosecutions,

---

[2] Medley criticizes the Government for failing to cite "legal authority" supporting that elements establishing subject matter jurisdiction are relevant to *Blockburger*. ECF No. 203 at 6. But neither does Medley advance any authority that the element is *not* relevant, and it is he who bears the burden of proof. Although Medley cites liberally *United States v. Moran*, 70 F.4th 797 (4th Cir. 2023), to underscore the difference between a court's jurisdiction to hear a case and the "power of Congress to regulate the conduct at issue," ECF No. 203 at 5–6, *Moran* sheds no light on whether that distinction matters here.

jurisdictional status is often "a legal question for the court," once the government proves the necessary facts beyond a reasonable doubt to establish such jurisdiction. *United States v. Perez*, 150 F.4th 237, 242 (4th Cir. 2025) (Quattlebaum, J.); *see also United States v. Johnson*, Criminal No. 3:17-CR-136–HEH, 2018 WL 1023355, at *2 (E.D. Va. Feb. 22, 2018). Ultimately, however, whether decided by the judge or the jury, jurisdictional elements command the same standard of proof as do substantive elements. *See Whitley*, 105 F.4th at 678 n.5.

Based on the foregoing, because each offense requires proof of an element that the other does not, Medley's dual prosecution did not violate double jeopardy. From this, the Court concludes that trial counsel's failure to challenge the constitutionality of the federal conviction did not constitute ineffective assistance. And even if it had, Medley was not prejudiced as a result. Accordingly, the Petition must be denied.

## III. Certificate of Appealability

Pursuant to Rule 11(a) of the Federal Rules Governing Proceedings under 28 U.S.C. § 2255, the Court must next decide whether the issue is proper for appeal, and if so issue a certificate of appealability. A certificate of appealability is a "jurisdictional prerequisite" that allows the Petitioner to seek review of this Court's determination. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). Where Petitioner demonstrates that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003), the certificate may issue. Medley satisfies this standard.

This Court recognizes, as did Judge Quattlebaum, that, in Medley's case, "whether jurisdictional elements should be considered during *Blockburger* double-jeopardy analysis" is far from clear. *See Medley I*, 972 F.3d at 436 n.11. In so noting, Judge Quattlebaum cited to the

Supreme Court's decision in *Torres v. Lynch*, 578 U.S. 452 (2016), which, in his view, "supports our consideration of statutes' jurisdictional elements during *Blockburger* analysis." *Medley I*, 972 F.3d at 436 n.11. But to this Court, *Torres* may very well counsel a different outcome.

In *Torres,* the Court was called upon to resolve a circuit split on whether a state offense that mirrored a federal crime but for the federal offense's interstate commerce element qualified as an aggravated offense under the Immigration and Nationality Act. 578 U.S. at 456. Although the decision ultimately turned on a textual analysis of the relevant immigration provisions, the *Torres* Court took great pains to explain that when comparing state and federal offenses, jurisdictional elements are simply not accorded the same weight as substantive ones. *Id.* at 463–64, 467–70. The Court particularly surveyed the "settled practice" of courts "ignor[ing]" jurisdictional elements when deciding whether state and federal crimes should be treated as identical. *Id.* The Court reasoned that, while jurisdictional elements must be proven beyond a reasonable doubt, "they are not created equal for every purpose," especially when "comparing federal and state offenses." *Id*. at 467. This is so because "Congress uses substantive and jurisdictional elements for different reasons and does not expect them to receive identical treatment." *Id.*

By this logic, the relationship between D.C. and federal jurisdictional elements may be more analogous to the state-federal comparison discussed in *Torres* and other persuasive authority, which in turn, may tilt toward excluding jurisdictional elements here. *See Lewis v. United States*, 523 U.S. 155, 165 (1998) (explaining that, for the Assimilated Crimes Act, "it seems fairly obvious that the Act will not apply where both state and federal statutes seek to punish approximately the same wrongful behavior—where, for example, differences among elements of the crimes reflect jurisdictional, or other technical, considerations . . ."); *cf. United States v. Rice*, 80 M.J. 36, 40, 43

(C.A.A.F. 2020) (concluding that jurisdictional elements should not be considered in double jeopardy analysis between federal and military offenses in light of *Torres*).

Moreover, this Court can find no *Blockburger* analysis in this context—where the comparison is between a state and federal offense more akin to *Torres* and its call to disregard differing jurisdictional elements than it is to *Jones* and *McGann*. The Court thus grants the certificate of appealability so that the Fourth Circuit may squarely address whether the "simple jurisdictional hook" of affecting interstate commerce may be likewise "ignored," when comparing otherwise identical state and federal offenses for purpose of *Blockburger*. *Torres*, 572 U.S. at 471, 473.

**IV. Conclusion**

For the foregoing reasons, Medley's motion to vacate his conviction and sentence under 28 U.S.C. § 2255 is denied. A certificate appealability shall issue.

A separate Order follows.

10/27/2026
Date

/s/
Paula Xinis
United States District Judge